Receipt number 9998-5141183

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**D.P; T.S.; and J.V.,**

**Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**

**No.** 19-54 C

## COMPLAINT

Plaintiffs D.P., T.S., and J.V., on their own behalves and on behalf of all others similarly situated, allege as follows:

## INTRODUCTION

1. Plaintiffs bring this collective action lawsuit individually and on behalf of other similarly situated individuals who are/were prevented from working by their employer, the defendant United States of America ("Defendant"), during the lapse of congressional appropriations funding of the federal government (aka "partial government shutdown") that commenced on Saturday, December 22, 2018 as they were classified as "essential employees" or "excepted employees" ("Excepted Employees"). Those individuals were not paid for their work performed on December 22, 2018 on their regularly scheduled payday for biweekly pay period 25.

2. Plaintiffs and similarly situated Excepted Employees were similarly not paid for the work they performed between December 23, 2018 and December 31, 2018 on their regular scheduled payday for biweekly pay period 26.

3. Upon information and belief, Excepted Employees will not be paid for any work performed thereafter during the government shutdown on their regularly scheduled payday.



ClarkHill\67411\383052\220789541.v1-1/9/19

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court is invoked pursuant to 28 USC 1346(a)(2) and/or 28 U.S.C. 1491(a)(1).

**PARTIES**

5. Plaintiff D.P. was/is an employee of Defendant and classified as FLSA non-exempt in the Federal Air Marshal Service, which is a component of the Transportation Security Administration, which is a component of the Department of Homeland Security, during the partial government shutdown. Plaintiff was classified as an Excepted Employee and performed work during the partial government shutdown for which Plaintiff was not compensated on the scheduled paydays.

6. Plaintiff T.S. was/is an employee of Defendant and classified as FLSA non-exempt in the Federal Air Marshal Service, which is a component of the Transportation Security Administration, which is a component of the Department of Homeland Security, during the partial government shutdown. Plaintiff was classified as an Excepted Employee and performed work during the partial government shutdown for which Plaintiff was not compensated on the scheduled paydays.

7. Plaintiff J.V. was/is an employee of Defendant and classified as FLSA non-exempt in the Federal Air Marshal Service, which is a component of the Transportation Security Administration, which is a component of the Department of Homeland Security, during the partial government shutdown. Plaintiff was classified as an Excepted Employee and performed work during the partial government shutdown for which Plaintiff was not compensated on the scheduled paydays.

8. Plaintiffs file this complaint using only their initials since public disclosure of their names may compromise national security or endanger their personal safety.

9. Plaintiffs bring this action on behalf of themselves, all similarly situated Federal Air Marshals, and all other similarly situated Transportation Security Administration employees, and/or other federal employees.

10. Plaintiffs have given their consents to be parties to this action pursuant to 29 U.S.C. § 216(b). The written consents are attached to this Complaint.

11. Defendant United States of America is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

**FACTS**

12. Due to the lapse of congressional appropriations funding of the federal government, a partial government shutdown commenced at 12:00:01 EST on Saturday, December 22, 2018. Individuals designated as Excepted Employees were exempted from the partial government shutdown.

13. Excepted Employees were required to work and perform their normal duties. However, Excepted Employees were not timely compensated for the work they performed during the partial government shutdown.

14. Defendant did not pay Plaintiffs, and other similarly situated Excepted Employees, on their scheduled paydays for all work performed during the partial government shutdown.

15. As a result, Plaintiffs and other similarly situated Excepted Employees have not been timely paid on the date when such payment was due in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

16. The FLSA mandates on-time payment of earned wages. If those earned wages are not timely paid on the scheduled payday, the FLSA has been violated. The requirement to timely pay wages on scheduled paydays continues during a lapse in appropriated funds. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993); *Martin v. United States*, 117 Fed. Cl. 611, 620, 625 (2013); *Martin v. United States*, 130 Fed. Cl. 578 (Feb. 24, 2017).[1]

---

[1] The Court's opinion issued on February 24, 2017 is identical to the opinion issued on February 13, 2017, in Case No. 13-834, ECF No. 160. It was reissued only for the purpose of correcting the caption to include Case No. 16-1297 consistent with the order consolidating the cases. *See* Case No. 16-1297, ECF No. 9.

17. Defendant did not act in good faith and did not have reasonable grounds to violate the FLSA and deny Plaintiffs and others similarly situated Exempt Employees their wages on their scheduled paydays.

18. Therefore, Defendant's violations of the FLSA were willful and in conscious and/or reckless disregard of the requirements of the FLSA.

19. Plaintiffs and all other similarly situated Excepted Employees have suffered monetary damages and are entitled to liquidated damages.

**COLLECTIVE ACTION ALLEGATIONS**

20. Defendant failed to pay Plaintiffs and similarly situated Excepted Employees all wages due on their scheduled paydays. Those individuals sustained the same damages and they seek the same remedies.

21. The amount of damages due to Plaintiffs and other similarly situated Excepted Employees can be computed using Defendant's payroll and employee data.

22. Plaintiffs allege that there are thousands of similarly situated Federal Air Marshals, Transportation Security Administration and/or other federal employees who were affected by Defendant's violations of the FLSA. Thus, a collective action is the most efficient way to resolve Plaintiffs' and all similarly situated Excepted Employees' claims.

23. Defendant can provide notice of this collective action to all Excepted Employees at their work email addresses using Court-approved language.

**COUNT ONE**

**(Violations of the FLSA)**

24. Plaintiffs incorporate by reference Paragraphs 1 through 23 as though fully set forth herein.

25. Defendant failed to pay Plaintiffs and all similarly situated Excepted Employees on their scheduled paydays.

26. Defendant did not act in good faith and did not have reasonable grounds to violate the FLSA and deny Plaintiffs and others similarly situated Exempt Employees their wages on their scheduled paydays.

27. As a result, Defendant willfully violated the FLSA. Defendant's violation was willful and in conscious or reckless disregard of the requirements of the FLSA.

28. Defendant's violation of the FLSA caused monetary damages to Plaintiffs and all similarly situated Excepted Employees. Plaintiffs and all similarly situated Excepted Employees are entitled to liquidated damages pursuant to this Court's holding in *Martin*.

**PRAYER FOR RELIEF**

29. For a finding that Defendant violated its statutory and legal obligations and that said violation was willful and not in good faith and that Defendant did not have reasonable grounds for believing its acts complied with its obligations under the FLSA.

30. Conditionally certifying this matter as a collective action pursuant to 29 U.S.C. § 216(b) and directing Defendant to provide notice to all similarly situated Excepted Employees.

31. For all available relief under 29 U.S.C. § 216(b), including payment of wages lost and an additional amount as liquidated damages, attorney's fees and costs of the action, and for any other relief available to Plaintiffs as a result of Defendant's willful violations of the FLSA.

32. Any other relief this Court deems proper.

RESPECTFULLY SUBMITTED,

By: ______________________

Nicholas M. Wieczorek
***Attorneys for Plaintiffs***

Nicholas M. Wieczorek, California State Bar No. 110170
Nevada State Bar No. 6170
Colorado Bar No. 30423
NWieczorek@clarkhill.com
Clark Hill PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: 702-862-8300
Facsimile: 702-862-8400
***Counsel for Plaintiffs***

Date: January 9, 2019

## NOTICE OF CONSENT

I work for the United States government and during the lapse of congressional appropriations funding of the federal government that commenced on December 22, 2018 I was not timely or accurately paid. I hereby give my consent to become a party plaintiff concerning violations of the Fair Labor Standards Act that occurred during the lapse of congressional funding of the federal government.

I consent, agree, and opt-in to become a plaintiff and to be bound by any judgment by the Court or any settlement of this action.

I designate the law firm of Clark Hill PLLC to represent me for purposes of this action.

Your Name: T Redacted S Redacted

Your Signature: [signature]

Today's Date: 01-08-2019

**NOTICE OF CONSENT**

I work for the United States government and during the lapse of congressional appropriations funding of the federal government that commenced on December 22, 2018 I was not timely or accurately paid. I hereby give my consent to become a party plaintiff concerning violations of the Fair Labor Standards Act that occurred during the lapse of congressional funding of the federal government.

I consent, agree, and opt-in to become a plaintiff and to be bound by any judgment by the Court or any settlement of this action.

I designate the law firm of Clark Hill PLLC to represent me for purposes of this action.

Your Name: J. Redacted V. Redacted

Your Signature:

Today's Date: 1/8/2019

NOTICE OF CONSENT

I work for the United States government and during the lapse of congressional appropriations funding of the federal government that commenced on December 22, 2018 I was not timely or accurately paid. I hereby give my consent to become a party plaintiff concerning violations of the Fair Labor Standards Act that occurred during the lapse of congressional funding of the federal government.

I consent, agree, and opt-in to become a plaintiff and to be bound by any judgment by the Court or any settlement of this action.

I designate the law firm of Clark Hill PLLC to represent me for purposes of this action.

Your Name: Redacted Redacted

Your Signature: [signature]

Today's Date: 09 January 2019